1

2

3

4

5

6

7

8        UNITED STATES DISTRICT COURT

9        SOUTHERN DISTRICT OF CALIFORNIA

10

11   AISHA R. BARI-SHARIFF,              )   Case No. 3:15-cv-02726-GPC-JMA
                                          )
12                    Plaintiff,          )   **ORDER GRANTING**
                                          )   **PLAINTIFF'S MOTION TO**
13   v.                                   )   **REMAND**
                                          )
14                                        )   [ECF No. 3]
                                          )
15   EVELYN PETERS,                       )
                                          )
16                    Defendant.          )
                                          )
17   _____ )

18

19

20        Before the Court is Plaintiff's unopposed motion to remand the case back to state

21   court. Pl. Mot., ECF No. 3. Having reviewed Defendant's notice of removal, the Court

22   finds that it does not have subject matter jurisdiction over this action, and therefore

23   **GRANTS** the motion to remand.

24                              **DISCUSSION**

25        Removal jurisdiction is governed by 28 U.S.C. § 1441 *et seq*. A state court action

26   can only be removed if it could have originally been brought in federal court.

27   *Caterpillar, Inc. v. Williams*, 482 U.S. 386, 392 (1987); *Duncan v. Stuetzle*, 76 F.3d

28   1480, 1485 (9th Cir.1996). Thus, for an action to be removed on the basis of federal

     question jurisdiction, the complaint must establish either that federal law creates the

1    cause of action or that the plaintiff's right to relief necessarily depends on the

2    resolution of substantial questions of federal law. *Franchise Tax Board of Cal. v.*

3    *Construction Laborers Vacation Trust for Southern Cal.*, 463 U.S. 1, 10–11 (1983).

4    Alternatively, a federal court may have diversity jurisdiction over an action involving

5    citizens of different states where the amount in controversy exceeds $75,000. 28 U.S.C.

6    § 1332.

7        The presence or absence of federal question jurisdiction "is governed by the

8    'well-pleaded complaint rule,' which provides that federal jurisdiction exists only when

9    a federal question is presented on the face of plaintiff's properly pleaded complaint."

10   *Caterpillar, Inc.*, 482 U.S. at 392. A review of the state court complaint in this case

11   shows that  Plaintiff alleges an unlawful detainer claim under California state law.

12   Compl., ECF No. 1-2. Plaintiff also alleges that the amount demanded does not exceed

13   $10,000. *Id.*

14       "The burden of establishing federal jurisdiction is on the party seeking removal,

15   and the removal statute is strictly construed against removal jurisdiction." *Emrich v.*

16   *Touche Ross & Co.*, 846 F.2d 1190, 1195 (9th Cir.1988). "Federal jurisdiction must be

17   rejected if there is any doubt as to the right of removal in the first instance." *Gaus v.*

18   *Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992).

19       In the notice of removal, Defendant alleges that the Court has federal question

20   jurisdiction over the case. Notice of Removal, ECF No. 1. Defendant contends that

21   there is a federal question surrounding Plaintiff's "refus[al] to permit, reasonable

22   modification of the premises of the premises necessary to afford full enjoyment of the

23   premises to Defendant [sic] roommate and co-tenant who is physically handicapped"

24   as well as with the "building NOT being up to code" with respect to the width of the

25   doors in violation of the Fair Housing Act and various federal statutes. *Id.* at 2.

26       Defendant's alleged federal "claims" are actually defenses and potential

27   counterclaims against Plaintiff. However, neither defenses nor counterclaims are

28   considered in evaluating whether a federal question appears on the face of a Plaintiff's

complaint. *Vaden v. Discover Bank*, 556 U.S. 49, 60 (2009) (federal question jurisdiction cannot "rest upon an actual or anticipated counterclaim"); *Valles v. Ivy Hill Corp.*, 410 F.3d 1071, 1075 (9th Cir. 2005) ("A federal law defense to a state-law claim does not confer jurisdiction on a federal court, even if the defense is that of federal preemption and is anticipated in the plaintiff's complaint."). As such, Defendant's allegations do not establish federal question jurisdiction under 28 U.S.C. § 1331.

Nor is there diversity jurisdiction. Not only does Defendant not plead diversity of citizenship, but also, in unlawful detainer actions, the amount of damages sought in the complaint, not the value of the subject real property, determines the amount in controversy. *Evans v. Superior Court*, 67 Cal. App. 3d 162, 170 (1977) (quoting *Cheney v. Trauzettel*, 9 Cal. 2d 158, 159 (1937)). Here, these damages are less than $75,000.

Defendant has not adequately established a basis for this Court's subject matter jurisdiction. The Court must remand the case. *See* 28 U.S.C. § 1447(c).

## CONCLUSION

For the foregoing reasons, Plaintiff's motion to remand, ECF No. 3, is **GRANTED**. The Court **REMANDS** the action to the Superior Court of the State of California for San Diego County. The hearing set for February 12, 2016, is **VACATED**.

**IT IS SO ORDERED.**

DATED:  February 8, 2016

HON. GONZALO P. CURIEL
United States District Judge